1  **AKERMAN LLP**
   Ellen S. Robbins (SBN 298044)
2  ellen.robbins@akerman.com
   633 West Fifth Street, Suite 6400
3  Los Angeles, California 90071
   Telephone: (213) 688-9500
4  Facsimile: (213) 627-6342

5  Attorney for Defendant
   TRAVELPRO PRODUCTS, INC.
6

7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELPRO PRODUCTS, INC.,<br><br>    Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; DECLARATION OF ELLEN ROBBINS IN SUPPORT THEREOF**<br><br>**[Class Action Fairness Act of 2005]**<br>**[Diversity of Citizenship]**<br><br>(Los Angeles County Superior Court Case No. 25-ST-CV-06905)<br><br>Complaint Filed: March 11, 2025 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................. 1

II. BACKGROUND ............................................................................................... 1

III. REMOVAL IS TIMELY .................................................................................. 2

IV. JURISDICTION ................................................................................................ 2

    A.    Removal is Proper Because This Court Has Original Jurisdiction Over Plaintiff's Claims Pursuant to CAFA ............................................ 2

1.    This Action Meets CAFA's Definition of a Class Action ............................. 3

    2.    This Action Meets CAFA's Minimum Diversity Requirement ............ 4

    3.    The Proposed Class Has More Than 100 Members ............................. 4

    4.    The Amount-in-Controversy Exceeds $5 Million ................................ 5

    5.    Travelpro Is Not A State, State Official, Or Governmental Entity ....... 9

    B.    Removal is Proper Because This Court Has Diversity Jurisdiction ..... 9

    C.    All Other Requirements For Removal Are Satisfied ......................... 10

    C.    All Other Requirements For Removal Are Satisfied ............................................. 9

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. W. Marine Prods., Inc.*,
  958 F.3d 1216 (9th Cir. 2020) ...................................................................................3

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) .....................................................................................5

*Bayol v. Zipcar, Inc.*,
  No. 14–cv–02483–THE, 2015 WL 4931756
  (N.D. Cal. Aug. 18, 2015)..........................................................................................9

*Bryant v. NCR Corp.*,
  284 F. Supp. 3d 1147 (S.D. Cal. 2018).....................................................................3

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ..............................................................................5, 10

*Dart Cherokee Basin Operating Co. v. Owens*,
  574 U.S. 81 (2014)...............................................................................................3, 5

*Elizarraz v. United Rentals, Inc.*,
  No. 218CV09533ODWJC, 2019 WL 1553664, at *3 (C.D. Cal. Apr. 9, 2019) ........

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
  899 F.3d 785 (9th Cir. 2018) ..............................................................................9, 10

*Gau v. Hillstone Rest. Grp., Inc.*,
  2021 WL 754536 (N.D. Cal. Feb. 26, 2021) .............................................................6

*Greene v. Harley-Davidson, Inc.*,
  965 F.3d 767 (9th Cir. 2020) ...................................................................................10

*Guerard v. CAN Fin. Corp.*,
  No. C 09-01801......................................................................................................10

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ...................................................................................10

*Hawkins v. Kroger Co.*,
  337 F.R.D. 518 (S.D. Cal. 2020) ............................................................................10

*Ibarra v. Manheim Invs., Inc.*,
  775 F.3d 1193 (9th Cir. 2015) ...................................................................................5

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Irving v. Lennar Corp.*,
  No. 2:12–CV–0290 KJM EFB, 2013 WL 4900402
  (E.D. Cal. Sept. 11, 2013) ................................................................................... 7

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ............................................................................... 4

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ............................................................... 5

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
  707 F.3d 1136 (9th Cir. 2013) ............................................................................. 7

*Lara v. Trimac Transp. Servs. (W.) Inc.*,
  2010 WL 3119366 (C.D. Cal. Aug. 6, 2010) ...................................................... 5

*Pulaski & Middleman, LLC v. Google, Inc.*,
  802 F.3d 979 (9th Cir. 2015) ............................................................................... 7

*Razuki v. Nationstar Mortg., LLC*,
  No. 18-cv-03343-JD, 2020 WL 1478374
  (N.D. Cal. Mar. 26, 2020) ................................................................................... 4

*Ries v. Arizona Beverages USA LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) ........................................................................ 7

*United Food & Comm. Workers Local 1778 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
  74 F. Supp. 3d 1052 (N.D. Cal. Nov. 17, 2014) ................................................. 5

*Watkins v. Vital Pharms., Inc.*,
  720 F.3d 1179 (9th Cir. 2013) (en banc) ............................................................ 6

**Statutes**

28 U.S.C. § 1332 ..................................................................................................... passim

28 U.S.C. § 1441 ............................................................................................. 1, 2, 3, 12

28 U.S.C. § 1453 ................................................................................................... 1, 2

28 U.S.C. § 1446 ..................................................................................................... passim

Cal. Civ. Code § 1709 ..................................................................................................... 8

Cal. Civ. Code § 1780 ............................................................................................. 9, 11

Cal. Code Civ. Proc. § 1021.5 ..................................................................................... 11

California Business and Professions Code § 17200 ..................................................... 7

California Business and Professions Code § 17500 ...................................................................7

California Code of Civil Procedure Section 338(a) ................................................................7, 8

California Code of Civil Procedure § 382 ..................................................................................3

**Rules**

Rule 23 of the Federal Rules of Civil Procedure .......................................................................3

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PLEASE TAKE NOTICE** that Defendant Travelpro Products, Inc. ("Travelpro") hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California. Travelpro alleges that it is entitled to removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 on the following grounds:

## I. INTRODUCTION

1. This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as this matter is a class action with more than 100 members in the putative class, between citizens of different states, the amount in controversy exceeds $5,000,000 exclusive of costs and interest, and Travelpro is not a state, state official, or other government entity. Accordingly, removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 is proper.

2. Indeed, Plaintiff's Complaint alleges claims on behalf of a putative class of California consumers and puts over $5,000,000 in controversy. There is no question that this case is removable.

## II. BACKGROUND

3. Travelpro is the sole named defendant in the civil action filed on or about March 11, 2025 by Plaintiff Silvia Garcia ("Garcia") in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 25-ST-CV-06905, entitled *Silvia Garcia et al. v. Travelpro Products, Inc.* (the "State Court Action").

4. On March 18, 2025, Travelpro was served with copies of the Summons, Class Action Complaint, Civil Case Cover Sheet, First Amended General Order of the Los Angeles County Superior Court, Peremptory Challenge to Judicial Officer, Notice of Case Assignment, General Order Re Use of Voluntary Efficient Litigation Stipulations of the Los Angeles County Superior Court, and Alternative Dispute Resolution (ADR) Information Package. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all state court "process, pleadings, and orders" are attached as Exhibit A through I to the Declaration of Ellen Robbins ("Robbins Decl.").

5. Plaintiff alleges that Travelpro "advertises fictitious prices (and corresponding phantom discounts) on products" that "allows [Travelpro] to fabricate a fake 'reference' price, and present the actual price as 'discounted,' when it is not." (Robbins Decl. ¶ 3, Ex. A ("Complaint"), ¶ 7). Plaintiff

further alleges that Travelpro's sales tactics "are intended to mislead customers into believing that they are getting a bargain by buying products from [Travelpro] on sale and at a substantial and deep discount." (Compl. ¶ 11). Plaintiff alleges Travelpro "knows that the prices for the Product are fake and artificially inflated and intentionally uses them in its deceptive pricing scheme on its Website to increase sales and profits by misleading consumers to believe that they are buying products at a substantial discount." (Compl. ¶ 13).

6.    Accordingly, Plaintiff, individually and on behalf of a putative California class, seeks to end these (purportedly unlawful) practices and obtain monetary, equitable (including injunctive relief restitution), and declaratory relief, statutory damages, attorneys' fees, and costs. (Compl. Prayer for Relief). Plaintiff alleges the following claims individually and on behalf of the Class: (1) Violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17501; the "FAL") (Compl. ¶¶ 32–36) and (2) Violation of Consumers Legal Remedies Act (Cal. Civil Code § 1750 *et seq.*; the "CLRA") (Compl. ¶¶ 37–48).

### III.  REMOVAL IS TIMELY

7.    Notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b).

8.    Travelpro was served with a copy of the initial pleading on March 18, 2025. (Robbins Decl. ¶ 11, Ex. I ("Proof of Service")). This notice of removal is therefore timely, as it is being filed on April 17, 2025.[1]

### IV.  JURISDICTION

**A.  Removal is Proper Because This Court Has Original Jurisdiction Over Plaintiff's Claims Pursuant to CAFA**

9.    This Court has original jurisdiction under CAFA. Under CAFA, a district court has original jurisdiction over any case where (1) the case is a putative class action; (2) any class member is a citizen of a state different from any defendant; (3) the proposed class consists of at least 100 members; (4) the aggregate amount in controversy exceeds $5,000,000, excluding interest and costs; and (5) the

---

[1] April 17, 2025 is 30 days after March 18, 2025 (the date of service).

primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6).

10. Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also id.* § 1453(b) (authorizing removal of class actions). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

11. To remove a case from state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Evidentiary submissions are not required. *Dart*, 574 U.S. at 83.

12. For the reasons described below, this action meets all of the CAFA requirements for original jurisdiction. *See* 28 U.S.C. § 1441.[2]

### 1. This Action Meets CAFA's Definition of a Class Action

13. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14. Plaintiff styled the Complaint as a "Class Action Complaint," and seek to certify a putative Class under the procedural rules governing such actions in California state court. This action, thus, falls within the definition of a class action under CAFA. *See, e.g.*, *Bryant v. NCR Corp.*, 284 F.

---

[2] Although Plaintiff bears the burden of showing that an exception to CAFA jurisdiction applies, *see Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020), Travelpro notes that the "local controversy" and/or "home state" exceptions do not apply here. Under the local controversy exception, a district court is required to decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and ***at least one significant defendant is a citizen of that state***. 28 U.S.C. § 1332(D)(4)(A). Under the home state exception, a district court: (1) must decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, ***and the primary defendants, are citizens of the State in which the action was originally filed***[,]" 28 U.S.C. § 1332(d)(4)(B); and (2) "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when more than one-third of the putative class, ***and the primary defendants, are citizens of the state where the action was originally filed***. 28 U.S.C. § 1332(d)(3). As explained in Paragraph 14, Travelpro is a citizen of Delaware and Florida; it is not a citizen of California. Accordingly, these exceptions to CAFA jurisdiction do not and cannot apply.

Supp. 3d 1147, 1150 (S.D. Cal. 2018) ("[T]here is no dispute the present action is a 'class action' under CAFA, as the action contains class allegations under California Code of Civil Procedure § 382.").

### 2. This Action Meets CAFA's Minimum Diversity Requirement

15. CAFA's minimum diversity requirement is met as long as any class member and any defendant are citizens of different states, or any class member is a citizen of a U.S. state and any defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2)(A), (C). For the purposes of diversity, a corporation is deemed to be a citizen of the U.S. state or foreign state where it is incorporated or has its principal place of business. *Id.* § 1332(c)(1).

16. Travelpro is, and, at the time Plaintiff filed the Complaint, was, incorporated in Delaware and has its principal place of business in Florida. Accordingly, Travelpro is a citizen of Delaware and Florida. (*See also* Compl. ¶ 47 ("The notice was in writing and sent . . . to [Travelpro]'s out-of-state headquarters because [Travelpro] has no principal place of business in California."))

17. Plaintiff is are bringing a class action on behalf of consumers who purchased products in the State of California. (Compl. ¶ 25). Thus, Travelpro is diverse from members of the putative class, who are citizens of States other than Delaware and Florida.

18. Plaintiff Silvia Garcia is a citizen of the State of California. (Compl. ¶ 4).

19. Thus, minimum diversity is satisfied for the additional reason that the named plaintiff is a citizen of a different state (California) from Travelpro (Delaware and Florida). 28 U.S.C. § 1332(d)(2)(A), (C).

### 3. The Proposed Class Has More Than 100 Members

20. To qualify for original jurisdiction under CAFA, the putative class must contain at least 100 class members. 28 U.S.C. § 1332(d)(5)(B).

21. This requirement is satisfied because Plaintiff seeks to represent a class of "[a]ll persons who purchased one or more of [Travelpro]'s products from [Travelpro]'s Website while in California within the statute of limitations period at a purported discount from a higher reference price." (Compl. ¶ 24). Plaintiff alleges "[t]he exact number . . . of the members of the Class is unknown to Plaintiff," but on information and belief alleges that there are "at least 50 members of the Class." (Compl. ¶ 26). While

Travelpro disputes the allegations, given the total number of visits from California residents to Travelpro's website, during the relevant period, the alleged class likely exceeds 1,000 individuals.

### 4. The Amount-in-Controversy Exceeds $5 Million

22. CAFA authorizes removal of a class action where the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). The notice of removal satisfies this requirement where a removing party makes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. The "amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original). "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them." *Arias*, 936 F.3d at 927; *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's Complaint, not what a defendant will *actually* owe.") (emphasis in original); *Lara v. Trimac Transp. Servs. (W.) Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("The amount in controversy is not the same as the amount ultimately recovered.") Because there is a presumption in favor or removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

23. Travelpro denies the allegations raised in the Complaint, and Plaintiff's entitlement to any relief, monetary or otherwise. Nonetheless, the Complaint has unquestionably placed more than $5,000,000 in controversy.

24. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "[T]he defendant may demonstrate that 'it is "facially apparent" from the complaint that the jurisdictional amount is in controversy.'" *Gau v. Hillstone Rest. Grp., Inc.*, 2021 WL 754536, at *6 (N.D. Cal. Feb. 26, 2021) (citing *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d

373, 377 (9th Cir. 1997)). "In that situation, the Court assumes the truth of the allegations of the plaintiff's complaint." *Gau*, 2021 WL 754536, at *6. Here, it is facially apparent from the Complaint that more than $5 million is being put in controversy.

25.  **Violation of the False Advertising Law.** Plaintiff alleges that Travelpro falsely represented its products were on sale, and/or falsely represented its products were a certain percentage off the typical price. (Compl. ¶ 7). According to the Complaint, this conduct violated the FAL because "the Product was not sold at the higher reference price in the 90 days prior to Plaintiff's purchase of the Product via the Website and Class members' purchases of [Travelpro]'s products via the Website." (Compl. ¶ 35). Accordingly, Plaintiff seeks "restitution," (Compl. ¶¶ 20–22), "all available legal, equitable, and declaratory relief," interest, and attorneys' fees and costs. (Compl. Prayer ¶ (b), (d)).

26.  According to the Complaint, "Plaintiff purchased a Product that Plaintiff would not otherwise have purchased, but for [Travelpro]'s representations." (Compl. ¶ 22).

27.  The amount in controversy for CAFA jurisdiction purposes includes restitution. *See Watkins v. Vital Pharms., Inc.*, 720 F.3d 1179, 1180 (9th Cir. 2013) (en banc).

28.  Plaintiffs bringing false advertising claims under the FAL frequently seek complete restitution in the form of a full refund of the purchased product. See, e.g., Stathakos v. Columbia Sportswear Co., No. 15-CV-04543-YGR, 2017 WL 1957063, at *10 (N.D. Cal. May 11, 2017) ("Plaintiffs proffer that they are entitled to receive as restitution a full refund for every dollar spent purchasing the garments at issue."); Spann v. J.C. Penney Corp., 307 F.R.D. 508, 530 (C.D. Cal. 2015), modified, 314 F.R.D. 312 (C.D. Cal. 2016) ("Plaintiff's 'complete restitution' proposal contemplates that defendant 'offer her (and each class member) the opportunity to rescind his or her transaction(s), return the products purchased, and obtain a full refund. . . . Under this method, there is no need to measure the value of the benefit received by Plaintiff because she would be required to return the products she purchased.'") Travelpro disputes that this is a proper measure of compensation in this case, but assuming for purposes of amount in controversy that Plaintiffs are seeking complete restitution as part of their prayer for "all available legal, equitable, and declaratory relief," the minimum amount in controversy is over $5 million.

29. Here, Plaintiff alleges he purchased a tote bag for a sale price of $101.99, with a strike-through price of $119.99 (representing a purportedly "fake" $18 discount). (Compl. ¶ 8). Plaintiff claims to be typical representatives of the California Class. (Compl. ¶ 27). Plaintiff further alleges "customer perceptions of a given item's value and causing customers to spend money they otherwise would not have, purchase items they otherwise would not have, and/or spend more money for a product than they otherwise would have absent the deceptive advertising" and that "Plaintiff purchased a Product that Plaintiff would not otherwise have purchased, but for [Travelpro]'s representations." (Compl. ¶¶ 19, 22).

30. The amount of each Class Member's purportedly "fake" discount is a fair measure of restitution, as Plaintiff alleges they would not have paid as much for Travelpro's products but for the alleged deception. (Compl. ¶ 19). Stated otherwise, an equitable method for measuring restitution would be the difference between what Plaintiff claims they were deceived into paying, versus what they would have paid without Travelpro's purportedly deceptive practices. The Ninth Circuit has endorsed this type of restitution. *See, e.g.*, *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) ("FAL restitution is based on what a purchaser would have paid at the time of purchase had the purchaser received all the information."). An exact calculation is not required. *Id.* ("In calculating . . . restitution, California law 'requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation.'") (citation omitted).

31. Plaintiff does not clearly allege the amount in damages that the proposed class members have allegedly sustained. The relief Plaintiff is requesting, as well as attorneys' costs and fees, on a class basis during the relevant period could exceed $5,000,000, provided such remedies were granted in full as demanded in the Complaint.

32. **Violation of the Consumers Legal Remedies Act.** Plaintiff alleges that Travelpro violated the CLRA by: (1) advertising the price of the Product in a misleading manner; (2) making material misrepresentations to deceive Plaintiff and Class members; and (3) intentionally misrepresented and concealed material facts from Plaintiff and Class members. (Compl. ¶¶ 41–43). Moreover, Plaintiff alleges that Travelpro engaged in these violations "with the intention of deceiving Plaintiff and Class members, and depriving Plaintiff and Class members of their rights and money." (Compl. ¶ 43).

Accordingly, Plaintiff seeks an injunction, (Compl. ¶ 23, Prayer ¶ (b)), which is permitted by Cal. Civ. Code § 1780(a)(2) ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain . . . [a]n order enjoining the methods, acts, or practices.")

33.  The amount in controversy for CAFA jurisdiction purposes "includes . . . the costs of complying with an injunction." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). By its nature, the cost of complying with an injunction is often difficult to estimate. Nonetheless, courts may determine the amount put in controversy vis-à-vis an injunction "from . . . the . . . defendant's 'viewpoint.'" *Bayol v. Zipcar, Inc.*, No. 14–cv–02483–THE, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) (citation omitted). While Travelpro has not calculated the potential costs of complying with an injunction, and denies that injunctive relief is appropriate, Plaintiff has put additional money at issue vis-à-vis the CLRA claim.

34.  **Attorneys' Fees.** Plaintiff further requests attorneys' fees to the extent recoverable by law. (Prayer ¶ (d)). When a party seeks to recover attorneys' fees provided for by statute, these fees—including future fees—are included in the amount in controversy to reach CAFA's $5,000,000 minimum. *Fritsch*, 899 F.3d at 794 ("Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy [in a removal under CAFA]"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (noting amount in controversy may include cost of complying with an injunction). Fee requests in consumer class actions, such as this lawsuit, are typically significant. *See e.g., Wilson v. Airborne, Inc.* 2008 WL 3854963, at *12 (C.D. Cal. Aug. 13, 2008) (awarding $3495,946 in attorneys' fees in deceptive advertising class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 46 (2008) (awarding attorneys' fees of $2.04 million as a part of the settlement of consumer class action). Consequently, these amounts should be aggregated to determine the jurisdictional amount in controversy requirement.

35.  The CLRA authorizes the recovery of reasonable attorneys' fees. *See* Cal. Civ. Code § 1780(e) ("The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section."). Attorneys' fees are also authorized by, e.g., Cal. Code Civ. Proc. § 1021.5.

36. **Total Amount in Controversy.** Accordingly, it stands to reason that Plaintiff is plausibly seeking amounts in excess of $5,000,000 in damages and/or other relief related to the individual and proposed class-wide claims.

### 5. Travelpro Is Not A State, State Official, Or Governmental Entity

37. A federal court does not have jurisdiction under CAFA where the primary defendants are states, state officials, or other government entities. 28 U.S.C. § 1332(d)(5)(A).

38. Travelpro is a corporation – not a state, state official or other government entity. (Compl. ¶ 5).

39. For the foregoing reasons, all of the requirements for original jurisdiction under CAFA are satisfied.

### B. Removal is Proper Because This Court Has Diversity Jurisdiction

40. Alternatively, the Action is a civil action over which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). The Action is removable because there is complete diversity between the parties, and the amount in controversy exceeds the jurisdictional minimum of $75,000. *Id.*

41. Plaintiff Silvia Garcia is a citizen of the State of California. (Compl. ¶ 4).

42. For the purposes of diversity, a corporation is deemed to be a citizen of the U.S. state or foreign state where it is incorporated or has its principal place of business. Id. § 1332(c)(1).

43. Travelpro is, and, at the time Plaintiff filed the Complaint, was, incorporated in Delaware and has its principal place of business in Florida. Accordingly, Travelpro is a citizen of Delaware and Florida.

44. Because Plaintiff is a citizen of California and Defendant is not a citizen of California, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

45. The amount in controversy at issue exceeds the sum or value of seventy-five thousand dollars ($75,000) exclusive of interest and costs. Where removal is based on diversity of citizenship and the complaint seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegations that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574

U.S. at 89; *see also Elizarraz v. United Rentals, Inc.*, No. 218CV09533ODWJC, 2019 WL 1553664, at *3 (C.D. Cal. Apr. 9, 2019) (at removal stage, "Defendant need not produce business records setting forth . . . the precise calculation of damages alleged to meet its burden regarding the amount in controversy.") (internal quotation marks omitted).

46. In the Class Action Complaint, Plaintiff seeks to establish a class "so numerous that joinder of all members in one action is impracticable" (Compl. ¶ 22) and "alleges that there are at least 50 members of the class." Id. Plaintiff alleges that as a result of Defendant's alleged violation of Cal. Bus. & Prof. Code §§ 17501, Plaintiff and members of the Class "have suffered injury in fact and have lost money. (Compl. ¶ 31). Plaintiff seeks, among other things, certification of a class action, all available legal, equitable and declaratory relief, and attorneys' fees and costs. (Compl. Prayer for Relief ¶¶ A-D.)

47. Plaintiff's allegations establish that there is more than $75,000 at issue, exclusive of interest, expenses, and costs.

48. Attorneys' fees are recoverable where authorized by statute or contract, and Plaintiff's complaint seeks attorney fees.

49. Based on the foregoing, the jurisdictional amount in controversy requirement is plainly met. Removal to this Court is proper under diversity of citizenship jurisdiction.

**C.    All Other Requirements For Removal Are Satisfied**

50. Upon filing the Notice of Removal, Travelpro will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of Los Angeles County, pursuant to 28 U.S.C. § 1446(d).

51. True and correct copies of all of the process, pleadings, and orders served on Travelpro in the State Court Action are attached to the Robbins Decl. as Exhibits A through H, as required by 28 U.S.C. § 1446(a).[3]

---

[3] Travelpro has not yet filed an answer or otherwise responded to Plaintiff's Complaint in the State Court Action. (Robbins Decl. ¶ 13). Accordingly, the documents attached as Exhibits A through I to the Robbins Declaration constitute all process, pleadings, and orders received in the State Court Action.

52. Removal to this district court is proper because this is the district that embraces the county in which plaintiffs filed the State Court Action. 28 U.S.C. § 1441(a).

* * *

By this notice of removal and the associated attachments, Travelpro does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Travelpro does not intend any admission of fact, law, or liability by this notice and expressly reserves all defenses, motions, and/or pleas.

* * *

WHEREFORE, Travelpro prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

DATED: April 17, 2025　　　　　　　　　**AKERMAN LLP**

By: /*s/ Ellen S. Robbins*
　　Ellen S. Robbins
　　Attorney for Defendant
　　Travelpro Products, Inc.

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

11
NOTICE OF REMOVAL TO FEDERAL COURT (28 U.S.C. §§ 1332, 1441, 1446, AND 1453)
80982711;1